## MORGAN vs. ELY et al.

The penalty imposed by our statute for arresting a debtor, after he has been discharged from imprisonment under our laws in favor of insolvent debtors, applies only to arrests under process from this State, and not to arrests under process from another State, and within another State.

Debt, in Quitman Superior Court. Decision by Judge PERKINS, at December Term, 1859.

Morgan sued Algernon S. and Howell T. Ely, for causing him to be arrested on a bail process after he had taken the insolvent debtor's oath, they having had notice of his application to take said oath, and their debt being in existence at that time.

On the trial, plaintiff showed, by an exemplification of the record, that, having been arrested on a *ca. sa.,* he had applied to the Inferior Court of Randolph county, to be allowed to take the benefit of the Insolvent Debtor's Act, of which application he notified A. S. Ely & Co.; and that, at July Term, 1857, he was permitted by said Court to take the oath prescribed by that Act. Plaintiff then introduced a copy of a bail writ, in favor of A. S. Ely & Co., against him, issued at Eufaula, Alabama, January 19, 1858, by one Jack Hardeman, J. P., founded on an affidavit made by H. T. Ely, one of said firm, a copy of which affidavit was also introduced in evidence. The testimony of Jack Hardeman, taken by commission, was then read. He proved the making of the bail affidavit by H. T. Ely, and the issuing of the bail writ, and its delivery, by said Ely, to Thomas Robinson, a deputy sheriff. He also testified, that after the bail writ was issued, an arrangement was made, by which the debt claimed by Ely from Morgan, was settled. He says he was a Justice of the Peace when he issued the writ authorized to take cognizance of such matters by the laws of Alabama.

Plaintiff then read the evidence of Thomas Robinson. He says he arrested plaintiff on the 19th of January, 1858, by virtue of the bail writ in favor of A. S. Ely & Co. The arrest was made at Eufaula, Alabama, H. T. Ely being present and instructing him to make the arrest. He was not

acquainted with A. S. Ely, and does not know where he was when the arrest was made. He further says that the matter was settled.

The testimony of James H. Weaver, Secretary of State of the State of Alabama, was then read. He stated that Jack Hardeman was a Justice of the Peace of that State, duly commissioned on the 19th day of January, 1858, and attaches a certified copy of his commission.

Plaintiff then introduced H. T. Ely, one of the defendants and proved by him that defendants had notice of plaintiff's application to take the insolvent debtor's oath in Randolph Inferior Court, and that their debt against plaintiff, upon which they caused his arrest, was in existence and owned by them at the time he took said oath, and had been owned by them all the time. He further testified, that plaintiff resided in Randolph county at the time he took the oath, and continued to reside there until he was cut off into Quitman county, where he now resides.

Here plaintiff closed, and the Court, on motion of defendant's counsel, passed an order non-suiting the case. This decision is now assigned as error.

DOUGLASS & DOUGLASS, for plaintiff in error.

B. S. WORRILL, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

We have no hesitation in holding that the penalty imposed by our statute for arresting a debtor after he has been discharged from imprisonment under our law for the relief of insolvent debtors, applies only to arrests under process of this State, and not to arrests within another State, under process therefrom. There was no intention to interfere with other jurisdictions in their manner of enforcing the payment of debts, but the object was to regulate and restrain the remedies of the creditor within this State.

Judgment affirmed.